IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS J. POFAHL, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3032 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | and |
| ROBERT HOUSTON, | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| Respondent. | ) | |

This matter is before the court on filing no. 8, the respondent's Motion for Summary Judgment, and filing no. 14, the petitioner's Motion for Expedited Consideration. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Thomas J. Pofahl alleges violations of his civil rights in connection with his conviction in the District Court of Antelope County, Nebraska, on or about December 6, 2001, of first degree assault and second degree assault.

The plaintiff received consecutive prison sentences of 12 to 18 years on Count I, first degree assault,[1] a Class III felony, and 4 to 5 years on Count II, second degree assault, a Class IIIA felony.[2]  The sentences arose out of a single incident of domestic assault for which the petitioner was initially charged with four felony counts, i.e., the two

---

[1]Neb. Rev. Stat. § 28-308(1) states:  "A person commits the offense of assault in the first degree if he intentionally or knowingly causes serious bodily injury to another person."

[2]Neb. Rev. Stat. § 28-309(1) states: "A person commits the offense of assault in the second degree if he or she:

(a) Intentionally or knowingly causes bodily injury to another person with a dangerous instrument; [or]
(b) Recklessly causes serious bodily injury to another person with a dangerous instrument...."

assault charges, attempted murder in the second degree, and use of a weapon to commit a felony. Pursuant to a plea bargain, the plaintiff entered a plea of guilty to the two assault charges for which he received his present prison sentences.

On direct appeal, the petitioner alleged excessive sentences. In Case No. A-02-0002, the Nebraska Court of Appeals summarily affirmed the judgment, and the Nebraska Supreme Court later denied further review. The United States Supreme Court denied certiorari on or about January 13, 2003.

On January 9, 2004, the petitioner filed a petition for writ of habeas corpus in the District Court of Lancaster County, Nebraska, the county of his incarceration, stating that he had completed serving his sentence for the offense of second degree assault and that his sentence for first degree assault was void. The petitioner reasoned that the District Court of Antelope County had lacked authority to impose multiple punishments for the single incident of assault; that his trial attorney had rendered ineffective assistance of counsel by allowing him to plead guilty to two counts of different degrees of assault based on the same incident, that his conviction for first degree assault constituted a lesser-included offense of the conviction for second degree assault, and that he had served his sentence for the greater offense, i.e., second degree assault. Therefore, he should be released immediately.

Upon motion of the Nebraska Attorney General, the District Court of Lancaster County quashed the petition for writ of habeas corpus on July 7, 2004. On appeal, the Nebraska Court of Appeals affirmed in Case No. A-04-0904, and the Nebraska Supreme Court denied further review on February 9, 2005.

**Exhaustion of Remedies**

In his § 2254 petition, the petitioner contends that double jeopardy, due process and Eighth Amendment principles warrant his immediate release from custody for the same reasons he asserted in his state petition for writ of habeas corpus. The respondent counters that the petitioner failed to exhaust his judicial remedies in compliance with 28 U.S.C. § 2254(b), which states:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). Exhaustion requires a "fair presentation" of the petitioner's federal claims to each appropriate state court, which generally includes a request for discretionary review. Id. See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999): "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845.

The respondent contends that the petitioner should have presented his claims in a motion for postconviction relief in the district court of his conviction, rather than in a petition for writ of habeas corpus in the district court for the county where he was incarcerated. However, this court does not take as narrow a view of exhaustion under 28 U.S.C. § 2254(b) as the respondent advocates.

First, both parties agree that a petition for writ of habeas corpus pursuant to Neb. Rev. Stat. § 29-2801 is a proper remedy when a prisoner contends that he is being deprived of his liberty by reason of a "void" judgment. See, e.g., Anderson v. Gunter, 456 N.W.2d 286 (Neb.1990): "To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, *and the sentence was within the power of the court to impose*." Id. at 287 (citations omitted; emphasis added). Here, the petitioner sought the writ on the theory that he was being detained without legal authority because the sentence he had received on the two assault charges was illegal and, thus, *not* within the sentencing court's power or authority.

Second, the fact that the Nebraska courts did not agree with the petitioner's view that he had received a void sentence does not mean that the petitioner abused the state writ. See, e.g., Johnson v. Kenney, 654 N.W.2d 191 (Neb. 2002), in which the petitioner sought a writ of habeas corpus, alleging that he was detained without legal authority because corrections officials were refusing to credit good time against his mandatory minimum sentence. The Nebraska Supreme Court interpreted the applicable law and determined that good-time credit does not reduce mandatory minimum sentences imposed

4

on habitual criminals. However, that the petitioner did not prevail did not render his use of the habeas procedure inappropriate.

Third, the respondent argues that the petitioner may still file a postconviction motion in state court, as the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 *et seq.*, contains no statute of limitations. However, the respondent's position would create a forfeiture, as the petitioner would be forever barred by the federal statute of limitations from bringing his habeas claim in this court. The respondent interprets 28 U.S.C. § 2254(b) to mean that notwithstanding the petitioner's presentation of his claims in a state habeas action and his appeals through the state's appellate courts, only a postconviction action would have sufficed as exhaustion for purposes of 28 U.S.C. § 2254(b). This court does not agree, and the respondent's Motion for Summary Judgment is denied.

## Expedited Consideration

The petitioner asked for expedited consideration of his claims. Therefore, the court has reviewed the applicable federal and state law, resulting in the following preliminary analysis.

The Double Jeopardy Clause, among other prohibitions, bars multiple punishments for the same offense. For the traditional test regarding the "same offense," see Blockburger v. United States, 284 U.S. 299, 304 (1932): "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Thus, cumulative punishments for substantially the same or nominally distinct offenses arising out of the

same transaction are barred unless each offense contains an element not contained in the other.

Similarly, convicting a defendant of both a greater and a lesser-included offense based on the same criminal act constitutes multiple punishments for the same crime, so as to implicate the Double Jeopardy Clause. The same is of course true under Nebraska law. See, e.g., State v. Nissen, 560 N.W.2d 157, 178 (Neb. 1997): "[T]he constitutional prohibition against double jeopardy not only protects against a second prosecution for the same offense after acquittal or conviction, but also protects against multiple punishments for the same offense. **Thus, when a defendant is convicted of both a greater and a lesser-included offense, the conviction and sentence on the lesser charge must be vacated**." (Emphasis added; citation omitted.)

To determine whether one offense is a lesser-included offense of another, Nebraska applies the "elements" test expressed in State v. Williams, 503 N.W.2d 561 (Neb. 1993), a case which dealt with the various degrees of assault. Id. at 565 ("we return to the statutory-elements approach"). "To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser .... Consequently, a court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense." Id. at 566 (citations and internal quotation marks omitted).

The Nebraska Supreme Court has held that first degree assault and second degree assault are distinct offenses in Nebraska. State v. Billups, 311 N.W.2d 512, 516-17 (Neb. 1981) (refusing to give a lesser-included offense instruction allowing conviction for second degree assault when the victim was shot in the chest near the heart and the injury was so obviously and unequivocally "serious"). See also State v. Van, 688 N.W.2d 600, 617 (Neb. 2004): "Van was charged with and convicted of first and second degree assault, which we have held are separate offenses for double jeopardy purposes. See State v. Billups, 209 Neb. 737, 311 N.W.2d 512 (1981)." Also, applying the statutory elements test, second degree assault requires that the injury be caused with a dangerous instrument, which is simply not an element of first degree assault.

In addition, even if, notwithstanding the Billups and Van decisions, the petitioner's Blockburger argument could apply to his case, there is no basis in law or fact to view first degree assault as a lesser-included offense of second degree assault, instead of the other way around. Indeed, the court has found no Nebraska case in which a first degree offense of any kind has been considered the lesser-included offense of a second degree version of that offense (e.g., assault, false imprisonment, murder, or various attempts). First degree assault is classified as a Class III felony, which is a greater crime carrying a higher maximum penalty than second degree assault, a Class IIIA felony. See Neb. Rev. Stat. § 28-105. It defies logic that the greater offense could somehow become the lesser-included offense of a lesser offense. Thus, it is questionable whether, at most, the petitioner would be entitled to a remedy of any kind until he has served his sentence on Count I, for first degree assault.

The parties will be asked to submit briefs on the foregoing issues.

7

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the respondent's Motion for Summary Judgment, is denied;

2. That filing no. 14, the petitioner's Motion for Expedited Consideration, is granted;

3. That within 20 days of the date of this Memorandum and Order, the respondent shall file an Answer to the § 2254 Petition and shall deliver all state court records relevant to the issues in this case;[3]

4. That by March 31, 2006, each party shall file a brief on the issues discussed above and any other matters that party may wish to address;

5. That by April 28, 2006, each party shall file a brief in response to the other party's brief; and

6. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

DATED this 22nd day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

---

[3] Within 20 days, the respondent shall file a *detailed* Designation of Records, but the original records may be delivered in a box to the Clerk's office in Lincoln or Omaha, in the discretion of the respondent, rather than uploaded onto the court's CM/ECF system. If the petitioner believes he does not have certain documents described in the Designation, he may file a Motion for Copies with the court specifying the documents for which he needs copies from the court and why.