IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS J. POFAHL, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3032 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Filing No. 31, the Petitioner's Motion to Alter or Amend Judgment filed by Thomas J. Pofahl, the petitioner in this habeas corpus action. Mr. Pofahl asks the court to reconsider Filing Nos. 29 and 30, the Memorandum and Order and Judgment granting the respondent's Motion for Summary Judgment and dismissing this action on exhaustion grounds. The respondent had argued that, in accordance with state law, the petitioner should have presented his claims to the state courts in a motion for postconviction relief in the district court of his conviction, rather than in a petition for writ of habeas corpus in the district court of the county where he is incarcerated.

Although this court initially took a different view, upon further study of the record, it became clear that the Nebraska district and appellate courts had agreed with the respondent's position and had quashed the petitioner's state habeas petition for the very reasons articulated by the respondent in this action. The petitioner now questions how this court could determine the basis of the Nebraska Court of Appeals' summary affirmance of the denial of the petitioner's state Petition for Writ of Habeas Corpus.

In Case No. A-04-0904, the State moved for summary affirmance before the Nebraska Court of Appeals on the theory that the sufficiency of a habeas petition is

properly challenged in the Nebraska state courts by a motion to quash (Filing No. 7-3 at 49). Thereafter, the State explained that, under Nebraska law, the petitioner's claims were not appropriately raised in a habeas action, but were instead characteristic of postconviction proceedings (id. at 49-51). Therefore, the district court had correctly quashed the petition (id.). When the Court of Appeals granted the State's motion for summary affirmance, there was no other basis on which it could have done so.

A federal district court may not reject a state court's interpretation of state law. Taylor v. Bowersox, 329 F.3d 963, 968 (8th Cir. 2003) ("A state's interpretation of its own law is virtually unreviewable by a federal court"), cert. denied, 541 U.S. 947 (2004). Accord Davidson v. Bowersox, 288 F.3d 1076, 1078 (8th Cir.), cert. denied, 537 U.S. 925 (2002): "It is not within the prerogative of a federal habeas court to question a state court's interpretation of its state's law...."[1] Filing No. 31 is denied.

SO ORDERED.

DATED this 25th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] In addition, the petitioner would not benefit from remaining in this court without an adjudication on the merits of his claims by the Nebraska appellate courts. The view in this court is that the voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. Thus, even when a person cannot be convicted of two inconsistent offenses, he may waive any such claim by a plea of guilty or no contest. See, e.g., State v. Drinkwalter, 720 N.W.2d 415, 422 (Neb. App. 2006) (upholding a plea to the unintentional felony of manslaughter and the intentional felony of use of a deadly weapon to commit a felony, notwithstanding that no verdict on those two felonies simultaneously could stand).